**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-232** |
| **CHRISTOPER BONDY** | **SECTION: D (2)** |

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1), filed by the Defendant Christopher Bondy ("Defendant").[1] The Government opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On January 28, 2020, the Defendant pled guilty to a one-count Superseding Bill of Information charging him with attempt to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of cocaine hydrochloride, a Schedule II Controlled Dangerous Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and in violation of 21 U.S.C. § 846.[3] The Defendant was sentenced on June 9, 2021 to a total imprisonment term of 63 months and a term of supervised release of four years.[4]

---

[1] R. Doc. 71.
[2] R. Doc. 73.
[3] R. Docs. 19 and 21.
[4] R. Doc. 64.

The Defendant filed the instant Motion on March 31, 2026 asking the Court for an early termination of his term of supervised release.[5] The Defendant submits that he has "demonstrated exemplary post-conviction conduct during his period of supervision" and "met all expectations of the United States Probation Officer who strongly supports this motion."[6] In support, the Defendant advises as follows:

> As of the filing of this motion, Mr. Bondy has successfully completed nearly 12 months of his 48-month term of supervision. Mr. Bondy has performed well during his period of supervised release: he has had no new contacts with law enforcement, he has not tested positive for the use of controlled substances, he has paid his special assessment, and he has cooperated with the United States Probation Office in any and every way that has been required of him. Mr. Bondy has taken his obligations to obey all conditions of his supervised release very seriously.[7]

Accordingly, the Defendant moves this Court under 18 U.S.C. § 3583(e)(1) for early termination of his supervised release.[8]

In response, the Government asserts that the Motion should be denied "based on the nature and circumstances of the offense and the history and characteristics alone[,]" as "Bondy sought to distribute kilogram quantities of cocaine as soon as six months after his parole expired for a prior drug trafficking conviction."[9] According to the Government, "Bondy's almost immediate reentry into the world of drug trafficking confirms his continued penchant for committing serious felony offenses that warrant continued supervision along with a need to protect the public."[10] The

---

[5] R. Doc. 71.
[6] *Id.* at p. 1.
[7] *Id.* at pp. 2–3.
[8] *Id.* at p. 5.
[9] R. Doc. 73 at p. 4.
[10] *Id.*

Government also argues that Bondy's "actions, while commendable, are not considered extraordinary to warrant early termination."[11] Therefore, the Government asserts that Bondy's Motion should be denied.[12]

## II.    LEGAL STANDARD

A court may terminate a defendant's term of supervised release early pursuant to 18 U.S.C. § 3583(e).  Section 3583(e) provides, in pertinent part, that:

> The court may, after considering the factors set forth in section 3553(a)[13] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.][14]

The Fifth Circuit has explained that § 3583(e) "confers broad discretion" on district courts in determining when the interests of justice warrant early termination.[15] However, "courts have consistently declined to grant such relief just because the defendant has complied with his conditions."[16]  Indeed, as the Second Circuit has put

---

[11] *Id.*

[12] *Id.* at pp. 4–5.

[13] The factors listed in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range available; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

[14] 18 U.S.C. § 3583(e)(1).

[15] *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

[16] *United States v. Pipkins*, No. CR 11-70, 2021 WL 3048354, at *1 (E.D. La. July 20, 2021) (Africk, J.); *accord United States v. Brown*, No. 03–310, 2012 WL 4059887 (E.D. La. Sept.14, 2012) (Vance, J.) (denying defendant's motion for early termination of supervised release although defendant had "so far complied faithfully with the terms and conditions of his supervised release for almost four years" and his probation officer did not object to the granting of the motion); *see also United States v. Allen*, No. 4:09-CR-77, 2021 WL 1110973 (E.D. Tex. Mar. 23, 2021) (stating that compliance with the terms

it, "[f]ull compliance . . . is merely what is expected of all people serving terms of supervised release."[17]

## III.  ANALYSIS

Here, Defendant's only arguments as to why his Motion should be granted are his full compliance with the conditions of supervised release and his probation officer's support of his Motion.[18]  The Defendant has served approximately one year of his four-year supervised release term, apparently in full compliance.[19]  While the Court commends Defendant for his efforts to remain fully compliant with the terms of his supervised release, the Court finds that mere compliance with the required conditions alone is insufficient to demonstrate that Defendant's term of supervised release should be terminated early.  As explained by another Section of this Court, "'[c]ompliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required.'"[20]

Further, and importantly, Defendant was convicted of a serious felony and has provided no compelling reasons why his supervised release term should be terminated sooner than planned.  Indeed, the Court concurs with the Government's

---

of supervised release alone does not warrant early termination); *United States v. Hartman*, No. 3:00-CR-228-B (01), 2013 WL 524257, at *2–3 (N.D. Tex. Jan. 18, 2013), *report and recommendation adopted*, No. 3:00-CR-228-B (01), 2013 WL 540490 (N.D. Tex. Feb. 13, 2013) (same). *Cf. United State v. Reed*, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) (Fallon, J.) ("[P]roof of compliance with the terms of probation does not necessarily equate to 'exceptionally good behavior' justifying early termination.").

[17] *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998).

[18] R. Doc. 71 at p. 4.

[19] *See id.* at pp. 1–5.

[20] *United States v. Baptiste*, Criminal Action No: 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025)(Milazzo, J.)(quoting *United States v. Pitman*, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022)).

assertion that "serving only one year of a four-year term of supervised release is not sufficient to show the Court that [Bondy] is no longer a danger to the public, especially given how quickly he resumed drug trafficking after being released on parole."[21]  The Court notes that the supervised release appears to be facilitating Defendant's reintegration into the community as a law-abiding and productive member of society – exactly what it is meant to do.  Supervised release is meant as a safety net to support reentry into the community. It is mainly for this reason that the Court declines to prematurely terminate his term of supervised release.[22]  The Court has further considered the § 3553(a) factors and finds that neither Defendant's conduct nor the interest of justice warrants early termination of his successful supervised release at this time.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Christopher Bondy's Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1)[23] is **DENIED.**

New Orleans, Louisiana, May 11, 2026.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 73 at p. 4.
[22] *See* R. Doc. 71.
[23] R. Doc. 71.